(No. 10875.)

The People of the State of Illinois, Defendant in Error, *vs.* Sidney S. Moore, Plaintiff in Error.

*Opinion filed December 21, 1916—Rehearing denied Feb. 7, 1917.*

1. Criminal law—*when evidence of complaint is not admissible in prosecution for rape.* In a prosecution for rape, evidence of a complaint made by the prosecuting witness to a third person is admissible in corroboration of her testimony as to the commission of the crime on the ground that it is the natural and spontaneous expression of outraged feeling; but if the complaint is made in response to questions it is not admissible.

2. Same—*when error in admitting evidence of complaint is not prejudicial.* Error in admitting in evidence in a prosecution for rape a complaint elicited by questions is not prejudicial, where the jury did not find the accused guilty of rape but of the lesser offense of an assault with intent to commit rape.

3. Same—*when it is not error to give instruction authorizing conviction for lesser offense.* If the evidence in a criminal case admits of but one conclusion, which is that the accused, if guilty at all, is guilty of the crime charged, it is error to give an instruction authorizing his conviction for a lesser offense, such as an attempt to commit the crime charged; but such an instruction may properly be given if there is evidence on which to base it, even though there was also evidence that the crime charged was committed.

Writ of Error to the Circuit Court of Mercer county; the Hon. William T. Church, Judge, presiding.

H. E. BURGESS, SEARLE & MARSHALL, and ALBERT E. BERGLAND, for plaintiff in error.

P. J. LUCEY, Attorney General, JOHN M. WILSON, State's Attorney, and JACOB R. CREIGHTON, (W. J. GRAHAM, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Sidney S. Moore, was convicted upon a trial by jury in the circuit court of Mercer county of an assault with intent to commit rape upon the person of Elsie M. Stoner and was sentenced to the penitentiary at Joliet.

The following facts were proved and not controverted: The plaintiff in error, Sidney S. Moore, was principal of the high school at Viola, in Mercer county, and Elsie M. Stoner was a member of the senior class of the school. On Friday, September 24, 1915, the school was dismissed at about half-past three o'clock, and the principal, assistant principal and scholars went to a picnic in a grove near the village, which the witnesses called a "wienie roast." After the picnic, at about seven or half-past seven o'clock, the defendant and Elsie left the grove with a boy and girl who walked together and the defendant walked with Elsie. When part way to the village the defendant remembered he had forgotten a ball glove which he had borrowed of a boy and had loaned to Elsie for a game of catch. She had thrown it behind a tree, and he asked if she would go back with him to get it. She said she would if the other girl and boy would go with them, but the others made some objection and the defendant and Elsie went back to the grove and found the glove. It was getting dark when they started back to the village, and they reached Ashenhurst's corner, in the business section of the city, about eight or half-past eight o'clock, where they met the girl who had been with

them and some other girls. Concerning the criminal charge, Elsie testified to an assault by the defendant on the way to the village which was successfully resisted, and after a short interval a further assault, when the crime was consummated forcibly and against her will, and the defendant did not testify. About six months prior to the picnic the defendant had a conversation with the pastor of the church to which he belonged, when he expressed his belief that Elsie was a girl that could be worked if someone would try, and a later conversation with the pastor after the event, in which he said she did not want to at first but finally submitted. The only disputed question was whether the act was committed forcibly and against her will.

Complaint was made that the court erred in admitting testimony of Elsie that she made complaint of the commission of the crime to the other girl when she met her on the corner in the village, and also testimony of the other girl. No objection was made to the testimony when given on the direct examination of Elsie, but on cross-examination she said that the other girl noticed she had been crying and asked her what was the matter, and her complaint was made in answer to questions. The other girl testified that Elsie had been crying; that her waist had been pulled out and there were grass stains on her skirt and her hair was down. The court overruled an objection to an inquiry as to the complaint. Evidence of that kind is admitted as corroborative of the testimony of the person alleging the crime against her because it is the natural and spontaneous expression of outraged feeling, but when a statement is made in response to questions put to her it is not competent. (*Cunningham* v. *People,* 210 Ill. 410.) There was other testimony of complaints made by Elsie the next day on a visit to Aledo to her sister, who worked in a department store, and also that evening to her mother on her return home, to which the objection that they were called out by questions did not apply. The complaint to her companion in answer

to questions related to the commission of the crime of rape, and if the defendant had been found guilty of the crime of which she made complaint the error of the court would have been prejudicial. The jury, however, did not accept the testimony of Elsie as to the commission of the crime, and as he was not found guilty of the offense of which she made complaint the error is not ground for reversal. The verdict of guilty of the lesser offense is regarded as an acquittal of the greater, and as the defendant was found not guilty of the crime of which Elsie complained, he has no reason to complain of the admission of evidence tending to prove that crime.

It is urged that the court committed error in permitting the father of Elsie to testify to a conversation he had with the defendant during the trial. Elsie was commonly called Merle, and her father testified that the defendant followed him into the toilet-room in the court house and said, "Mr. Stoner, Merle's innocence has got her into this trouble," and the father said, "I don't want you to speak to me; I don't want to talk to you, and don't you ever speak to me again." The court, on motion of the defendant, struck this statement from the record and instructed the jury not to consider it. It is argued that the effect of the testimony was not destroyed by striking it out, and that it was error to make known to the jury the feeling of the father against the defendant. What the father said would show that he disapproved of the defendant, but the jury would necessarily know that without his testimony, and therefore no harm came from it even if it had not been stricken out.

The verdict of the jury was that the defendant was guilty of an assault with intent to commit the crime charged, and while it is not denied that the charge of the principal offense included all its ingredients, so that a conviction, under a proper state of the evidence, might have been had for an assault or an assault with intent to commit the crime, it is objected that instructions authorizing such a verdict were

wrong, because if the defendant was guilty at all he was
guilty of the principal offense. The court gave, at the in-
stance of the defendant, an instruction that if the People
had failed to prove that he was guilty, beyond all reasonable
doubt, of the crime charged he might be found guilty of an
assault, and the court also gave an instruction at the in-
stance of the People that they might find the defendant
guilty of a simple assault, or an assault with intent to com-
mit the crime, or the crime itself. After the jury had re-
tired to consider of their verdict they sent a written request
to the court to be informed whether they could find the de-
fendant guilty of a simple assault or assault with intent to
commit the crime, and also asked for information as to the
penalties if they so found. The jury being brought into
the court room, the court again read the instructions already
referred to, and gave an additional instruction stating the
law as to an assault and an assault with an intent to com-
mit the crime, and the punishment of each. Instructions
should be applicable to the facts, and in a case where the
evidence admits of only one conclusion, and that conclusion
is that the crime was committed, it is error to give an in-
struction authorizing a verdict for an attempt. (*People v.
Lewis,* 252 Ill. 281; *People* v. *Schultz,* 267 id. 147.) If
the evidence had been such that the only conclusion which
the jury could reach would be that the defendant was either
innocent of any offense or guilty of the crime charged, the
instructions asked by both parties would have been wrong.
The instruction asked by the defendant was a concession
that there was evidence which would justify the verdict of
a simple assault, and if he was guilty of an assault there
is not a shadow of doubt that it was with intent to commit
the crime. As a matter of fact, the testimony as to the
first unsuccessful attempt, if believed by the jury, fully jus-
tified the verdict even if the jury believed what the defend-
ant said to his pastor as to the final event. There was no

error in giving the instruction, since it applied at least to the testimony of Elsie as to the first unsuccessful attempt.

It is urged that the assistant of the State's attorney made an intemperate argument in the closing address to the jury. In making his argument the attorney had a right to assume the truth of the evidence offered by the People, and if the testimony on the part of the People was true, nothing said by the attorney was uncalled for but what he said was fully justified.

The judgment is affirmed.          *Judgment affirmed.*