(No. 32341.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD PEREZ, Plaintiff in Error.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

JOHN J. PHILLIPS, and SAMUEL H. BLOCK, both of Chicago, for plaintiff in error.

IVAN A. ELIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and ROBERT B. MAHER, all of Chicago, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a writ of error to review a judgment of conviction entered by the criminal court of Cook County. Plaintiff in error, Bernard Perez, was charged with the forcible rape of the prosecuting witness. A trial before the court, trial by jury having been waived, resulted in plaintiff in error being found guilty and sentenced to the Illinois Penitentiary for a term of three years.

The error urged by the plaintiff in error is that the evidence is not sufficient to remove all reasonable doubt of his guilt, nor to exclude every reasonable hypothesis of his innocence, because (1) the evidence is conflicting in matters both essential and immaterial to the issues, (2) there is a failure to show that the prosecutrix attempted to escape or to resist his advances, and (3) because there is a failure to show a spontaneous expression of outraged feelings by the prosecutrix at the first opportunity.

On the evening of March 25, 1951, the prosecutrix, age sixteen years and eleven months, and her girl friend, met Gilbert Rubio and Bernard Perez. The girls then accompanied these young men on a round of taverns during which the prosecutrix drank three glasses of wine. Bernard Perez was then aged twenty-seven years, married,

and the father of three daughters. Perez and the prosecutrix were observed during the evening to dance, hug, and kiss. About two o'clock in the morning Perez and she left a tavern together. She claimed he later dragged her into an empty lot where he picked up a rock or brick with which she feared he meant to strike her. He instead broke the window of an auto parked in the lot, opened the door, shoved her into the back seat where he attacked her, tearing her clothing and striking her repeatedly in the face every time she attempted to scream, and threatened to kill her if she told anyone. He then placed her in a passing cab which took her home, where, after observing the condition of her face, she awakened her mother and informed her of the attack. The police were called and she was taken for a medical examination.

Upon being picked up, Perez first denied he knew the prosecutrix. Later he admitted he knew her, stating that she informed him 'it would be worth his while if he would see her home, and that she entered the car and engaged in the act voluntarily. He admitted striking her when she became hysterical to keep her quiet. On the stand he later stated he struck her when she objected to his not using a contraceptive.

To sustain a conviction for forcible rape, it must be proved that the act was against the will of the victim, and that penetration occurred. (*People v. Ardelean,* 368 Ill. 274.) It is undisputed here that penetration occurred, and that the act took place. The only point of contention is whether the act was against the will of the girl.

It has been observed that an accusation of rape is easily made, hard to be proved, and still harder to be defended by one ever so innocent. Hence, a reviewing court is charged with the duty of carefully examining the evidence in such a case. *People v. Scott,* 407 Ill. 301.

While the evidence is in some respects conflicting, it is undisputed that the plaintiff in error picked up a rock or

brick in the empty lot, which put the prosecuting witness in fear of bodily harm; that the act occurred in the early morning hours in an automobile parked in an empty lot along a deserted street; that the prosecutrix screamed and was thereafter prevented from screaming by being struck several times in the face by plaintiff in error. The resulting injured and swollen condition of her face was corroborated by several witnesses. Perez admitted striking her, but told conflicting stories as to why he struck her to the State's Attorney, in his statement, and before the court. In considering the evidence of force in committing the act, it is proper to consider the height and weight of the prosecutrix, the superiority of plaintiff in error's strength over hers, the place and conditions under which the act took place. (*People* v. *Eccarius*, 305 Ill. 62.) While the plaintiff in error disputed the clothing worn by the prosecutrix that night, she produced a torn skirt and slip, and nylon stockings with several runs therein which she said she wore that evening and in which statement she was corroborated by her mother. She testified her undergarments were torn off by her attacker.

The jury being waived, the question of the weight of the evidence was for the trial judge who heard and saw the witnesses and who was therefore in a much better position to determine which witness was worthy of belief than we would be from an examination of the record. (*People* v. *Sciales*, 353 Ill. 169.) The testimony of the prosecutrix, uncorroborated by other witnesses, may be sufficient to justify a conviction of rape. (*People* v. *Kazmierczyk*, 357 Ill. 592.) The court here obviously believed the testimony of the prosecutrix, corroborated as it was in part by other witnesses, in preference to the testimony of plaintiff in error and his witnesses in defense. Considering all of the evidence presented, we cannot say that the court's determination was against the manifest weight of the evidence,

or insufficient to remove all reasonable doubt of the plaintiff in error's guilt. That the act was performed through the use of force is borne out by the undisputed evidence of prosecutrix's screams; the blows suffered by her at Perez's hand in order to accomplish his purpose, accompanied by his threats putting her in fear of her life, the youth of the prosecutrix and the age and superior strength of Perez, the conflicting stories told by him, and the condition of the clothing worn by the girl. Such evidence of the use of force, clearly indicates to the reasonable mind that the act was accomplished against the will of the girl. Thus, the final element necessary to this charge of forcible rape has been proved.

The plaintiff in error urges that the court improperly allowed the mother to testify in corroboration of the testimony of the prosecutrix of the occurrence of the crime, since she failed to make a spontaneous expression of her outrage to the cab driver who took her home from the scene at Perez's direction, and in failing to tell her mother of the attack for five minutes after arriving at her home. Although such evidence would ordinarily violate the rule against hearsay evidence, it is allowed as an exception to that rule because it is a natural and spontaneous expression of outraged feeling. (*People* v. *Moore*, 276 Ill. 392.) The cases cited by the plaintiff in error as not allowing such corroborative testimony are distinguishable from the case at hand either due to the great length of time between the occurrence and the statement, or because the statement was not spontaneous but in response to direct questioning. Considering here the youth of the prosecutrix, the shame and the great fear she suffered, and the fact that she awoke her mother and related her story within five minutes after arriving home, her statement still fell within the intent and meaning of the rule. There were no objections raised in the trial court to the receipt of this evidence of the com-

**430**

plaint after the crime, hence such evidence is proper and cannot be challenged for the first time on review. *People* v. *Allen,* 289 Ill. 218.

The trial judge, who heard and observed all of the witnesses as they testified, was best able to judge their credibility. Therefore, upon a careful review of the record, we are of the opinion that the evidence supports the finding of guilt of this charge beyond all reasonable doubt. The judgment of the trial court is proper and is accordingly affirmed.

*Judgment affirmed.*