THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUSSELL COLE, Defendant-Appellant.

Third District   No. 75-173

Opinion filed June 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Ira Goldstein, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Russell Cole, was charged with the offenses of rape and indecent liberties. Following a bench trial in the circuit court of Will County defendant was found guilty of both offenses. The trial court subsequently granted the State's motion to vacate the judgment of guilt as to the indecent liberties charge. Defendant was then sentenced to a term of not less than 4 nor more than 6 years in the Department of Corrections.

Only one issue is presented on this appeal and that is whether the State proved one of the necessary elements of rape, namely, penetration. There is no dispute between the parties concerning the necessity of proving this element of the offense and the question presented on this appeal concerns the evidence presented.

These charges grew out of an incident between the defendant Cole, 17 years old, and the complaining witness, Jannette Jarnagin, age 10 years. It was Jannette Jarnagin's testimony that on November 1, 1974, she went to the laundry room located in the basement of her apartment building to place a dress belonging to her sister in one of the machines. As she approached the laundry room she passed the defendant in the hallway and as they passed she touched his elbow and he in turn placed his hand on top of her head. After this Jannette continued to the "laundromat" and shortly thereafter defendant entered the room closing the door behind

him. The witness further testified defendant grabbed her by the arms and told her if she screamed he would beat her "ass." It was then stated defendant placed her on the floor, knelt between her legs, unzipped his pants and exposed his penis. Jannette testified that while she struggled defendant lifted her dress and pulled her underwear down. Cole then got on top of Jannette and placed his penis, "In my vagina * * * and started going up and down." At this time Jannette screamed and testified she felt "pee running down my leg." Defendant then got up, zipped up his pants and ran toward the front door. She then returned to her apartment and related what occurred to her sisters who in turn called the police. Jannette was taken to the hospital where she was examined by a doctor. Thereafter, at police headquarters, she selected defendant from both a photographic lineup as well as a stand-up lineup.

According to the testimony of Russell Cole, on the morning of November 1, 1974 he was leaving his apartment building on his way to school. While walking down the hallway he had occasion to pass Jannette Jarnagin. As they passed Jannette tugged at defendant's arm and defendant in turn touched her on the head. As Cole proceeded down the hall the complaining witness motioned to him to join her in the laundry room, which defendant did. Once inside the laundry room, Jannette began "messing around" with defendant and Cole responded in kind. Jannette then disrobed, followed by defendant, who subsequently got on top of her and "started moving up and down" about three or four times before climaxing. This was the first time Cole had ever experienced an ejaculation with a girl. Defendant denied ever being inside Jannette and asserted to a police officer that he had been, only after being apprised by that officer that "he [defendant] had to go inside her." Defendant testified further that during the time he was on top of Jannette his penis was located toward the upper portions of her legs and was never inside her. Following his ejaculation defendant got up and left for school.

Additionally, the State presented the testimony of several police officers who testified concerning various statements and admissions made by the defendant. They also identified exhibits as a basis for the scientific evidence of test results. The scientific evidence indicated the presence of sperm in the complaining witness's genital area and on her clothing.

Dr. McQuillan examined Jannette following the incident and stated that an initial general examination of the girl's entire body revealed no signs of struggle, trauma or other injury. In the genital area the doctor found no external signs of force or injury, *i.e.*, no bruises, abrasions, scrapes, lacerations or blood. This was true of the whole area between the legs as well as the labia majora (outer lips) and labia minora (inner lips.), although some slight swelling was noted. There was, however, significant swelling at the hymenal ring. Doctor McQuillan concluded this condition

could have been caused by the insertion of a penis or by a bumping from outside the vagina, although this was characterized as being less likely.

While testifying on cross-examination, Dr. McQuillan stated the presence of sperm within the vagina would not, in and of itself, establish penetration and it would be equally true that sperm discovered in the rectal area would not establish penetration. The doctor conceded repeated thrusting in the area of the outer lips could possibly cause inflammation along the hymenal wall if in fact the thrusts amounted to "direct hits."

■■ As may be discerned from the foregoing statement of facts, the only claim concerning the insufficiency of the evidence to support the verdict is the defendant's claim that evidence of penetration is absent. We do not agree.

"Penetration," as that word is used in connection with crimes against females, means " * * * the insertion of the male part into the female parts to however slight an extent." (Black's Law Dictionary (4th Ed. 1968); *People v. Williams,* 24 Ill. App. 3d 593, 321 N.E.2d 281.) Some penetration, regardless of how slight, must be proved as a necessary element of the crime of rape. *(People v. Schultz,* 260 Ill. 35, 102 N.E. 1045; *People v. Perez,* 412 Ill. 425, 107 N.E.2d 749.) The prosecution need not show proof of a completed act of sexual intercourse, the slightest penetration being sufficient to sustain the charge. *People v. Washington,* 70 Ill. App. 2d 452, 217 N.E.2d 356.

In insisting the testimony is deficient concerning the fact of penetration, the defendant argues that both the defendant and the complaining witness were unfamiliar with sexual matters and that both the testimony of the complaining witness and the statements which the defendant made to police officers after being taken into custody were too vague and uncertain to support the inferences claimed. Without going into the details of the complaining witness's testimony, we believe it does support inferences that penetration occurred and that the witness did describe such penetration, at least in terms commensurate with her knowledge and experience. The doctor's testimony was likewise consistent with that of the complaining witness and inconsistent with the version of the incident described by defendant. While conflicting inferences may be drawn from the doctor's testimony and that of the defendant, the conclusion that penetration occurred is not improbable, impossible or unreasonable.

Defendant suggests his statements given to police officers were not entitled to consideration by the trial court since the officers present testified that when penetration was mentioned defendant seemed not to know what they were talking about. The defendant further suggests, and the suggestion finds support in the record, that the assertion of some penetration, *i.e.,* one-half or three-fourths of an inch as first suggested by

the police officers and his concurrence in the suggestion was meaningless under the circumstances.

■■  We agree the defendant's out-of-court statements are not entitled to great weight, but the circumstances having been presented to the trial court the determination of the weight to be given such statements is within the province of the trial court. However, even without such statements it is our conclusion that when the testimony of the three principal witnesses, *i.e.*, complaining witness, doctor and defendant, are considered together there is ample evidence supporting each of the elements of the offense.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.