THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHNNY WILLIAMS, Defendant-Appellant.
Third District   No. 76-474

Opinion filed October 20, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On March 4, 1976, the defendant, Johnny C. Williams, was charged by information with two counts of aggravated incest, one count of sexual intercourse and one count of deviate sexual conduct, and with contributing to the sexual delinquency of a child. Following a jury trial at

which verdicts of guilty to all three charges were returned, the defendant was sentenced to a term of imprisonment of not less than 2 nor more than 8 years. From this judgment the defendant appeals.

At the trial, the prosecutrix, 11-year-old Angel Williams, the daughter of the defendant, testified that on the evening of January 24, 1976, the defendant returned home from taking two of her brothers and her mother to visit relatives. Upon his return, the defendant ordered the children to clean up the house, instructing the prosecutrix "to straighten up his room." She further testified that, after she cleaned up the closet, the defendant told her to remove her clothes and lie on the bed. When the defendant got on top of her in bed, she felt some pain even though the defendant's penis only entered her a little bit. Subsequently, the defendant told her to perform fellatio, which she did. After the defendant ejaculated into his daughter's mouth, the prosecutrix went to the washroom to clean up. There she discovered that she was bleeding in the vaginal area. However, in spite of the fact that the defendant's act hurt her and she was scared, the prosecutrix waited until the following day to tell her mother.

In addition to Angel's testimony, her 10-year-old sister, Marie, testified that, after Angel went into the bedroom to clean, the defendant followed her into the room and shut the door. Marie, listening at the door, heard her father tell Angel to take off her clothes and to lie on the bed. After hearing Angel say "ouch," Marie returned to cleaning another room. Later she observed Angel bleeding in the bathroom.

The trial court admitted an exhibit, stipulated to by the defendant, which stated that Dr. Raymundo Paras, Jr., would testify that in examining Angel on January 25, 1976, he observed no external sign of force; "that her hymen was intact, was thin and elastic, with small old laceration at 3:00 o'clock and 8:00 o'clock, with one area excoriation at 11:00 o'clock; that a small speculum was attempted but patient would not tolerate;" and that laboratory analysis of a discharge taken for sampling revealed the absence of sperm.

The defendant, testifying on his own behalf, denied having sexual intercourse with the complaining witness. He explained that he returned home to change his clothes, but after finding his second suit to be too tight, he again put on the suit he was originally wearing. Before changing, he discovered Angel in the closet and was angry at her for trying to fool him into thinking she was working. He then told Angel to leave the room and did not change clothes until she left. In spite of his explanation, the jury found him guilty.

■■ The first issue raised by the defendant is whether the evidence was insufficient to support a conviction because the testimony of the two minor children was unclear and uncorroborated. Where a conviction is based solely on the testimony of a child complaining witness and the defendant denies the charge, the testimony of the prosecutrix must either

be clear and convincing or there must be substantial corroboration. (*People v. Kolden* (1962), 25 Ill. 2d 327, 185 N.E.2d 170.) We believe the testimony of the complaining witness was clear and convincing. She was able to describe the sex acts with sufficient particularity to ensure that these acts occurred (see *People v. Turner* (5th Dist. 1976), 36 Ill. App. 3d 77, 343 N.E.2d 267), and her testimony did not waver on cross-examination. Furthermore, Marie's testimony corroborated much of Angel's description of the event.

■■ Secondly, the defendant argues that the evidence was insufficient to prove the defendant guilty beyond a reasonable doubt as to one count of aggravated incest because of the failure to prove the essential element of penetration. Aggravated incest occurs when a male person has sexual intercourse with a person he knows to be his daughter. (Ill. Rev. Stat. 1975, ch. 38, par. 11—10(a)(1).) "Sexual intercourse" is defined as any penetration of the female sex organ by the male sex organ (Ill. Rev. Stat. 1975, ch. 38, par. 11—1(b)), however slight the insertion. (*In re Williams* (1st Dist. 1974), 24 Ill. App. 3d 593, 321 N.E.2d 281). It is not necessary for the prosecution to show a completed act of sexual intercourse. (*People v. Cole* (3d Dist. 1976), 39 Ill. App. 3d 559, 350 N.E.2d 543.) Furthermore, penetration may be shown by circumstantial evidence. *People v. Reynolds* (1st Dist. 1965), 61 Ill. App. 2d 349, 210 N.E.2d 637.

■■ The complaining witness did testify that the defendant's penis did penetrate into her vagina and hurt her even though the penetration was not deep. In addition, the medical exhibit established an excoriation on the prosecutrix's hymen the day following the incident, and both the complaining witness and her sister testified to the complaining witness bleeding in the vaginal area. Even though conflicting inferences may be drawn from the doctor's report, the conclusion that penetration occurred is not improbable, impossible or unreasonable. (See *People v. Cole* (3d Dist. 1976), 39 Ill. App. 3d 559, 350 N.E.2d 543.) Therefore, we find that the evidence was sufficient to support the defendant's conviction of aggravated incest.

■■ Lastly, the defendant contends that his conviction for contributing to the sexual delinquency of a minor was improper because it arose from the same physical acts forming the basis of the aggravated incest conviction. The State has conceded this argument.

Accordingly, the judgments of conviction for aggravated incest entered by the Circuit Court of Kankakee County are affirmed and the judgment of conviction for contributing to the sexual delinquency of a child is vacated.

Affirmed in part, vacated in part.

ALLOY, P. J., and STOUDER, J., concur.