**People of the State of Illinois, Plaintiff-Appellee, v. Edward Williams, Defendant-Appellant.**

Gen. No. 50,685.

First District, Third Division.

May 23, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a conviction of robbery. The defendant was sentenced to a term of one to three years in the penitentiary after a jury trial.

The issue presented for review is whether the State failed to prove the defendant guilty of the crime beyond a reasonable doubt.

On July 9, 1964, about 11:50 p. m., Melvin Cairns, a bus driver for South Suburban Safeway, was driving his bus near 130th Place and Ellis Avenue. He saw two men running across a lawn toward the bus and stopped so they could get on, although it was not a regular stop. One of the two men reached into his pocket as if he was going to get some money. The other man stepped behind Cairns, put a knife into his ribs and said: "Stop this bus. This is a robbery. This is a holdup." The man with the knife told the other man to "grab his changer and his box."

The other man was standing to the right of the driver during the whole episode. Cairns kept watching him during the robbery. The dome lights were on all the time and Cairns was able to see the man on his right very well for the three to five minutes the men were on the bus. A total of $32.80 was taken.

That night Cairns described the robbers to police. Both were Negro. One (later identified as defendant) was five feet eleven and wore a brown jacket and a black cap. The other was short and stocky, wore gray pants and a gray shirt and had a mustache.

The following day Cairns and his supervisor went to the police station to view a lineup. In the lockup room there were several men facing the wall. They were told to turn around and as soon as they did Cairns recognized defendant as one of the men who robbed him. Defendant was the taller of the two robbers and had stood next to Cairns during the robbery. Cairns paid no attention to the men other than Williams in the lineup and could not, at the trial, describe any of the others.

Defendant, his wife, his mother and Johnny B. Smith, a boarder at defendant's mother's house, all testified (with minor inconsistencies) that defendant came home about 10:15 or 10:30 p. m. on July 9th. He and Smith then went to a nearby store for some candy and Kool-Aid. They returned within 15 minutes and watched television. They went to bed about 12:00 or 12:30 a. m. Defendant denied committing the crime.

 Defendant contends that where the identification by the victim is subject to doubt, unsatisfactory and difficult to reconcile with the entire record and leaves the court with a grave and substantial doubt of the defendant's guilt, the court is required to reverse the conviction. That is certainly a valid statement of the law but it is also true that the credibility of the witnesses and the weight to be given to their testimony is primarily a

function of the trier of fact. People v. Henderson, 23 Ill 2d 225, 210 NE2d 483; People v. Carpenter, 28 Ill2d 116, 190 NE2d 738.) It is also well settled that the testimony of one witness as to identification, if positive and the witness credible, is sufficient to convict even if that testimony is contradicted by the accused. (People v. Perkins, 17 Ill2d 493, 162 NE2d 385; People v. Jennings, 84 Ill App2d 33, 228 NE2d 566.) The credibility of alibi testimony is also for the trier of fact. People v. Ault, 28 Ill2d 34, 190 NE2d 815.

In the instant case the complaining witness had the opportunity to observe the robber identified as defendant in a well-lighted bus at close range for a three to five minute period. He described the man, including his clothing, that night to police and was able to identify defendant in a lineup the following day. At the trial his identification was positive. Although the defense made much of the fact that Cairns was unable to describe any of the other men in the lineup or any of the legal personnel at the various hearings prior to trial, we do not agree that this shows he is not a very observant person. He had no reason to remember the other persons about whom he was questioned. On the other hand he had a good reason to remember the appearance of the defendant and did so ably.

Defendant argues that the witness' identification of him was based solely on the similarity of clothing of the robber and the defendant at the time of the lineup. According to defendant's testimony the only clothing of similar type was a black tam. Cairns had also told the police that the robber wore a brown jacket. Defendant testified that at the lineup he wore a pinstriped sport shirt. Furthermore, Cairns testified that he had looked carefully at defendant's face to be "definitely sure" of his identification.

■■ Defendant also points out the alibi testimony of his witnesses. This conflict in evidence is a matter of

credibility of the witnesses and that is properly a function of the trier of fact, who had the opportunity of observing the witnesses. The State points out that defendant's wife admitted during cross-examination that she might have told a police officer, the day following the crime, that she did not remember whether her husband had been home the previous night. It may be that this caused the trier of fact to discount her testimony. Whatever the reasons, however, the acceptance or rejection of alibi testimony was a matter of credibility and was to be determined by the trier of fact.

 Defendant admits in his brief that Cairns' identification of defendant was positive and included the clothing worn by the robber. In no respect was his testimony shaken at the trial and that testimony, if believed, was sufficient to prove defendant guilty beyond a reasonable doubt. The judgment of the trial court is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.