People of the State of Illinois, Plaintiff-Appellee, v. Robert F. Lawrence, Defendant-Appellant.

Gen. No. 54,196.

First District, Third Division.

June 4, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael J. Gold-

stein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant Robert F. Lawrence was charged with the crimes of attempted murder and aggravated battery. After a bench trial, he was found not guilty of attempted murder. However, he was found guilty of aggravated battery and sentenced to a term of two to five years. He appeals, contending that he was not proved guilty beyond a reasonable doubt. The facts follow.

Ruth McDowell, the complaining witness, sustained injuries to the head from gunshot wounds as the result of an altercation involving defendant. The incident occurred in the hallway of an apartment building next door to her residence.

Ruth McDowell testified that she went to visit her nephew, who lived in a third-floor apartment located at 6150 South Greenwood, Chicago, at about midnight or the early morning hours on September 10, 1968. She knocked on the door, but apparently her nephew was not home. As she started to leave, defendant ran out of another third-floor apartment and struck her in the face with his fist. She fell as he struck her again, and saw a gun in his hand. A man by the name of Junior came out of an apartment and told defendant not to shoot. She heard two loud noises, and was shot on the top and back of her head. She felt blood running down her neck. She fell partly down the stairs and was taken to the hospital. She had no conversation with defendant during the occurrence.

She also testified that she had known defendant for several years, and had gone out with him on numerous occasions. She had seen him earlier in the evening; they

did not argue, nor did she threaten him. She did have an argument earlier with a girl, who was apparently defendant's girl friend.

Officer William Bigby testified that on the following evening, some twenty hours after the incident, he observed defendant walking along the sidewalk carrying a gun in his hand. As the officer approached, defendant attempted to place the gun in his pocket. The officer then placed him under arrest. Defendant subsequently told the police officer that he shot the girl accidentally. Both the victim and the officer identified a gun introduced into evidence as being similar to the gun defendant had on the night in question.

The examining physician testified for the State by stipulation that at least a fragment of a bullet was lodged in Ruth McDowell's head at the time of his examination.

Defendant's sister testified for the defense that on the evening in question she was visiting her sister-in-law. As she was preparing to leave, she saw defendant and Ruth McDowell in an argument. McDowell had an orange towel in her hand, and in the course of the argument pulled the gun from the towel and threatened to kill defendant. As defendant attempted to take the gun away, it went off and injured the complaining witness. Defendant's sister also testified that her brother never had a gun, and that she had seen McDowell with a gun previously. Junior, her sister-in-law's cousin, was also in the apartment, along with other friends.

Defendant testified that he was a member of the armed services and home on leave at the time of the occurrence. He knew Ruth McDowell since 1964. He saw her on September 10, 1968, as he was walking to the store. She was drunk and staggering, and threw a beer can at him. When he returned, he saw her again, arguing with a girl named Diane. When Ruth McDowell started

to call him names, he advised Diane to go upstairs. McDowell then threatened to have her brothers jump him, and he also went upstairs. He next saw her on the third floor. She pulled a gun from under her sweater, so defendant grabbed both of her wrists and put his weight on her forcing her to lie on the floor. She had her finger on the trigger, and the gun went off once. McDowell got up and ran, and defendant left the building through the back exit. Defendant also testified that he kept the gun because of his fear of her brothers.

Defendant contends that he was not proved guilty of aggravated battery beyond a reasonable doubt, arguing that the evidence did not support a finding that he intentionally or knowingly committed aggravated battery, and also arguing that there was so much conflict in the evidence that it created a reasonable doubt as to his guilt.

■■ ∎ Defendant thus raises the question of credibility of witnesses and the weight to be given to their testimony. However, this court on review cannot substitute its judgment for that of a trier of fact and we cannot reverse a judgment because the evidence is conflicting unless the evidence is so improbable as to raise a reasonable doubt of guilt. People v. Novotny, 41 Ill2d 401, 244 NE2d 182 (1968) ; People v. Anderson, 30 Ill2d 413, 197 NE2d 24 (1964).

■■ ■ Defendant has not pointed out any discrepancies in the testimony of the victim nor in the evidence presented by the State, but argues that her testimony was incredible and unbelievable. We do not agree. We find that her testimony was plausible, positive and credible. She testified that defendant came up to her, and without warning, struck her in the face twice with his fists, and then shot her. She also testified that she earlier quarreled with defendant's girl friend, thus offering a motive for his assault. Clearly, if believed, her

206

testimony was sufficient to establish that defendant intentionally inflicted great bodily harm upon her. Moreover, evidence of the nature and intent of the wounds suffered by a victim of an aggravated battery is admissible as corroborative evidence of the crime. People v. Thome, 111 Ill App2d 215, 250 NE2d 9 (1969). And in the instant case, the doctor testified that a fragment of a bullet was lodged in the head of the victim. Additionally defendant's flight from the scene of the occurrence coupled with his attempted concealment of the gun when approached by the police was not consistent with a hypothesis of innocence and constituted further corroborative evidence.

■ We find no merit in defendant's argument that the lack of any mention of contusions on the victim's face in the doctor's testimony affected her credibility so as to create a reasonable doubt of his guilt. The medical testimony which was introduced into evidence by stipulation dealt solely with an examination of the victim's skull by a physician, and had no reference to facial bruises. Nor did the State's failure to call a man named Junior as a witness on its behalf raise any inference that his testimony would have been adverse to the State. In People v. Jones, 30 Ill2d 186, 195 NE2d 698 (1968), the court held that the failure by the State to call every witness to a crime does not give rise to a presumption in defendant's favor. Moreover, the evidence disclosed that the witness named Junior was related by marriage to defendant, and was equally available as a witness to the defense.

■ The credibility of witnesses is for the trial court to determine, with its superior opportunity to observe their manner and demeanor, and that determination will generally not be disturbed on review. People v. Pendleton, 75 Ill App2d 314, 221 NE2d 112 (1966). In the instant case, we cannot say that the trial court erred in believing the testimony of the victim rather than that pre-

sented by the defense, and we find that defendant was proved guilty beyond a reasonable doubt.

Under the heading that he was not proved guilty beyond a reasonable doubt, defendant also mentions two alleged trial errors upon which we must comment.

■■ Defendant maintains that it was error to permit the gun to be admitted into evidence because it was not identified adequately by the police officer and the victim. Generally, it is within the discretion of the trial court in allowing demonstrative evidence. In The People v. Perkins, 17 Ill2d 493, 162 NE2d 385 (1959), the court held that a gun identified as having the appearance of the gun used in the robbery was properly admitted into evidence. Moreover in the case at bar, defendant suffered no prejudice from the introduction of the gun into evidence. His own testimony was that Ruth McDowell was shot by the gun in question. His defense was that she shot herself, and that the gun used belonged to her.

■ Defendant also argues that the trial court committed reversible error in sustaining the State's objection to defense counsel's question of defendant: "Did you at any time intend to shoot Ruth McDowell?" The ruling caused no prejudice to defendant. He had testified fully that he did not shoot the complaining witness, and did not intend to do so.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.