THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD B. KUTELLA, Defendant-Appellant.

(No. 70-199; )

Second District—April 21, 1971.

Frank Wesolowski, Jr., Public Defender, of Wheaton, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of rape and deviate sexual assault (Ill. Rev. Stat. 1967, ch. 38, pars. 11—1(a) and 11—3(a)) in a trial before the court. He was sentenced to a term of 5 to 10 years. His claims of error in this appeal are that he was not proven to be of the age of 14 years or upward; and that he was denied pre-trial access to the chemical and microscopic analysis of certain clothing of the victim and of the defendant made by the Illinois Crime Laboratory, and to the report of a vaginal smear test given the victim.

 In oral argument, counsel for defendant has waived the claim that proof of age was insufficient. The waiver is proper on the record. There was proof that defendant was in the United States Navy at the time of the offense and no evidence was introduced on behalf of defendant that he was below the age of 14. When forcible rape is charged, defendant has the burden of proving that he is under age and the State does not have to allege or prove that fact. (*People v. Schultz* (1913), 260 Ill. 35, 39—40; *People v. Musial* (1932), 349 Ill. 516, 517; *People v. Ventura* (1953), 415 Ill. 587, 590; *People v. Wilson* (1970), 264 N.E.2d 492, 495-496.) The same reasoning should apply to the forceable deviate sexual assault, in our opinion.

Under the circumstances of this case, the refusal of the trial court to permit pre-trial discovery of the report of the State's experts does not become a basis for reversal of the judgment.

Prior to trial, the defendant asked the prosecution "to furnish the defendant with any copies it had in its possession of reports prepared by doctors, medical technicians, or crime laboratory experts of and concerning the physical examination of the victim, her clothing, or the clothing of the defendant". The court ordered that the prosecution make available all items of physical evidence but specifically denied the production of the reports prepared by doctors or crime laboratory experts.

Defendant has urged the extension of the rules permitting the discovery of real evidence to include reports of medical and other experts in general terms of policy. He does not suggest any specific prejudice in the trial of the case arising from the pre-trial order of the court and we have found no prejudice in the record.

With reference to the medical report, the doctor did not testify at the trial, but the negative result of a vaginal smear test given to the victim was stipulated, with no resulting prejudice.

The testimony of the chemist from the Illinois Crime Laboratory as to the results of numerous chemical and microscopic tests performed on the clothing of the victim and of the defendant proved essentially that the sweater of the victim contained sperm of the same blood grouping

as the sperm found on defendant's shorts; and that the victim's clothing contained blood of a different blood grouping. During the trial defendant's counsel was given the report of the witness and was not restricted in cross-examination.

Defendant's argument, in general terms, that the refusal of a pre-trial discovery of technical reports prevents a fair trial between equally well-informed adversaries and inhibits cross-examination, is not a persuasive argument for reversal under the circumstances of this case.

Defendant was not denied access to the real evidence which was the subject of the expert's report and testimony. The material tested was not shown to have been consumed or altered in the process of testing. Defendant was not denied his right to examination of the real evidence by his own experts. There was no motion for the allowance of fees of an expert based on claimed indigency pursuant to the doctrine of *People v. Watson* (1966), 36 Ill.2d 228. Defendant was given access to the reports at trial. The entire procedure afforded him with a sufficient safeguard against the miscarriage of justice should the State have concealed evidence in the reports favorable to the accused and gave due opportunity for testing the witness's testimony at the trial.

■■ In essence, defendant has asked this court to declare that, absent any showing of prejudice in the particular case, the refusal to permit pre-trial discovery of the reports or statements of experts, including results of scientific tests, is reversible error. In this regard he cites the American Bar Association suggested standards relating to discovery and procedure before trial, Section 2.1(IV). However, the adoption of general standards for discovery in criminal cases is more appropriately the function of our Supreme Court in the exercise of its rule-making powers, and we approach the subject case-by-case. Upon such approach, there is no basis for interfering with the exercise of discretion by the trial court in denying discovery in this case, even though we believe the court could properly have allowed discovery of the report. See *People v. Watson,* 36 Ill.2d 228, *supra; People v. Wolff* (1960), 19 Ill.2d 318, 328—329; *People v. Tribbett* (1968), 41 Ill.2d 267; *People v. Colletti* (1968), 101 Ill.App.2d 51; *People v. Crawford* (1969), 114 Ill.App.2d 230; *People v. Lighting* (1967), 83 Ill.App.2d 430, 434.

The judgment below is affirmed.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.