THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLYDE JOHNSON, Defendant-Appellant.

(No. 71-266;

Fifth District—August 4, 1972.

James R. Streicker, of Defender Project, of Chicago, (Larry M. Miller, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a jury trial in the Circuit Court of St. Clair County, defendant, Clyde Johnson, was convicted of two charges of armed robbery and was

sentenced to the penitentiary for concurrent terms of not less than eight years nor more than twenty years. In this appeal defendant contends that the evidence was insufficient to prove him guilty beyond a reasonable doubt; that a police officer's in-court identification of him as the same person picked out of a line-up by one of the victims was based on improper suggestive procedures; and that his sentence was excessive.

The robbery occurred in a gasoline service station in East St. Louis about 5:30 o'clock in the afternoon on August 6, 1970. The owner of the station testified that a man came in, rolling a tire, and asked if it could be fixed. About five minutes later, while this man and an employee, Mr. Zanders, were in the tube room testing the tire, another man came in asking for a road map. After a brief conversation the owner became suspicious and walked outside calling for his employee. The second man followed him and at gun point forced him to return to the station office. The first man then returned and together they took the owner's wallet, containing $10 or $12, and $300 from the station cash box. The second man then took the owner to a back room, tied his arms behind him, and shoved him down on the floor beside Zanders who had been similarly tied by the first man. Zanders testified that after testing the tire and finding nothing wrong with it the first man pulled a gun, forced him into the back room, took his wallet containing $97 and all his credit and identification cards, and then tied his arms behind his back and shoved him to the floor. Both witnesses testified that the two men had threatened several times to blow their heads off.

The day following the robbery defendant was arrested in St. Louis at a Sears, Roebuck store at about 12:00 o'clock noon when he tried to use Zanders' Sears credit card. Also in his possession was Zanders' driver's license and his draft card. As a result of this incident defendant was charged with and plead guilty to fraudulent use of a credit device. Later the St. Louis police brought Zanders to St. Louis to view a line-up composed of defendant and three others of approximately the same color, height, and age, and Zanders picked out defendant as the man who had robbed him and his employer.

At the trial Zanders testified that he was positive of his identification of defendant stating that the robbery occurred in bright daylight; that that he had observed defendant briefly when he first came into the station; that he was face to face with him just after testing the tire; that he again observed him through a mirror in the background as defendant was standing behind him holding a gun on him, and then again he saw him head-on as he turned around to empty his pockets at the demand of defendant. On cross-examination he stated that he had told the police that this man was about 180 or 190 pounds, about six feet

tall, and that he thought he had a beard. Also on cross he stated that he could not remember how defendant was dressed or any other detailed facial features. The station owner testified that he had only a brief glimpse of this robber and would be unable to identify him.

Defendant testified and denied that he had any part in the robbery, stating that he had spent the afternoon mowing lawns and moving furniture with his uncle in St. Louis. He admitted having Zanders' Sears credit card, driver's license and draft card, but stated that he bought them for $2 or $3 from some man in the Sears parking lot just before he entered the store. Defendant's aunt testified that defendant had been helping move furniture for her on the day of the robbery but she personally had not seen him until about 6:15 P.M. when she came home from work. One brother testified that he got off work about 5:30 P.M., when home, took a bath, got dressed and then went over to his dad's house where he saw defendant helping move furniture. Another brother testified that he remembered defendant helping with the moving, but he could not remember the day. Defendant's girl friend testified that she went to the Sears store with defendant and that a man sold him something in the parking lot but she did not know what it was.

■■■ It is an often repeated rule in Illinois that the identification testimony of one witness is sufficient to sustain a verdict of guilty if the witness is positive and credible and he has had an adequate opportunity to observe the accused. (*People v. Soloman*, 24 Ill.2d 586.) Here the witness' opportunity to observe defendant was ideal. It was bright daylight; he was in the presence of defendant for four or five minutes; and he was able to observe him face to face at close range. It is true, as defendant contends, that Zanders was not able to describe defendant's clothes or any particular facial characteristic, though he thought he remembered a beard and he originally reported that he weighed 180 or 190 pounds and was six feet all. But there is nothing in the record as to defendant's weight or height or whether he had a beard at the time of the crime. In any event, lack of precise accuracy in describing a defendant's clothes and facial characteristics does not necessarily create a reasonable doubt of guilt. (*People v. Miller*, 30 Ill.2d 110, *People v. Prochut*, 27 Ill.2d 298.) As stated in *People v. Catlett*, 48 Ill.2d 546, the test to be applied to positive in-court identification is not whether the witness gave a full description of the features and attire of the defendant at the time of the crime but rather whether the witness was close enough to defendant for a sufficient length of time under adequate lighting conditions to be able to make a positive identification.

Naturally, application of this test will produce a variety of results dependent upon the facts of each case. We have considered defendant's

citations in support of his argument and find them inapplicable in that they involved a faulty view or a major discrepancy between a witness' original description of the defendant and his actual appearance. In addition, defendant's argument fails to take into consideration the corrobating evidence that on the day following the robbery defendant was found in possession of the identification cards of the witness. It is apparent that the jury viewed defendant's explanation of such possession as weak and unconvincing, as they likewise must have viewed the inconsistent and uncertain testimony of his alibi witnesses. Under the total circumstances of this case we find no basis for disturbing the jury's verdict and we conclude that the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt.

■■■ Next defendant contests the propriety of the testimony of a police officer relative to defendant's participation in a line-up. The subject of the line-up was first brought up by defendant in his cross-examination of Zanders. He was asked if a line-up occurred, and, receiving an affirmative answer, he was then queried as to the place, the time, the number in the line-up and a variety of other details. Following defendant's testimony denying that he had ever appeared in a line-up, the State presented a police officer in rebuttal. He testified that he personally took Zanders to St. Louis to view a line-up and he identified defendant as the man Zanders picked out. On cross-examination of the officer it was revealed that prior to testifying he had read over his police report, made some eight months earlier, and had looked at mug shots, including one of defendant. No objection was made at the time but defendant now contends that this identification was highly improper, unduly suggestive, and constituted a denial of defendant's right to due process and a fair trial. We can not agree. All of defendant's citations are directed towards an improperly suggestive procedure involving an eye-witness' identification of an accused. As we have held above, the in-court identification of defendant by the victim was positive and credible and untainted by any improper suggestive procedures and sufficient in itself to prove guilt. Certainly the officer had a right to refresh his recollection from his report, and the fact that he reviewed mug shots prior to testifying would only affect his credibility and the weight to be given his testimony on this side issue. We find no prejudicial error in the admission of the officer's testimony.

■■ Finally, defendant contends that his concurrent sentences of 8 to 20 years were excessive, but he has failed to show any mitigating circumstances whereby he might be considered a likely subject for early rehabilitation. To the contrary it appears that defendant has already served a term of two to five years for an armed robbery committed in

1008

1966, and in this case he has been convicted again of the same crime while threatening to kill each of his victims. Under such circumstances there is no justification for a reduction of sentence.

The judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.