THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARL M. SMITH, Defendant-Appellant.

(No. 57401;

First District (1st Division)—February 4, 1974.

Morton Y. Zwick, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Earl M. Smith (defendant) was indicted for murder (Ill. Rev. Stat. 1971, ch. 38, par. 9—1) and also for attempt murder (Ill. Rev. Stat. 1971, ch. 38, par. 8—4.) After a bench trial, he was found guilty of both offenses and was sentenced to concurrent terms of 20 to 35 years for murder and 10 to 20 years for attempt. On his appeal, his counsel raises the following issues:

1. There was error in admitting evidence of prior and unrelated criminal activity by defendant and in admitting certain physical evidence;

2. The evidence failed to prove guilt beyond a reasonable doubt; and

3. Excessive sentence.

We will first consider the adequacy of the proof.

The person who was the subject of the alleged attempt murder testified that he and the deceased were walking on the street in Chicago at 2:15 A.M. Three men approached, including defendant. The witness did not know defendant but had previously seen him. All three men had guns and the witness and his companion were unarmed. The three armed men, including defendant, shot 12 or 13 times. The witness was seriously wounded and was hospitalized. He identified defendant from photographs and in a lineup. When defendant was arrested, he had possession of a .45 caliber automatic pistol. Ballistics tests showed that this weapon was used in the murder and attempt murder.

Defendant testified in his own behalf that on the date in question

he was sleeping at home. This evidence was corroborated by his wife. Defendant admitted having possession of the gun but testified that he had received it some nine days after the date of the shooting.

There are other details which need not be recounted here. In our opinion, it is sufficient to state that the evidence supports the findings of the trial court beyond a reasonable doubt. The only issue which defendant can actually raise must necessarily be based upon the credibility of the witnesses. In this type of situation, the result reached by the trial court will not be set aside unless the proof is so unsatisfactory as to create a reasonable doubt of guilt. (*People v. Clay*, 55 Ill.2d 501, 507, 304 N.E.2d 280.) The principle urged by defendant, that the evidence must establish his guilt so "as to exclude every other reasonable hypothesis" of innocence applies only in cases where the only evidence of guilt is circumstantial. *People v. Lewellen*, 43 Ill.2d 74, 78, 250 N.E.2d 651.

As regards the testimony concerning alibi, the applicable principle is clear that even though the alibi evidence was given by a greater number of witnesses, there was no obligation upon the trial court to believe the alibi over positive identification of the defendant and direct evidence of his guilt. (*People v. Catlett*, 48 Ill.2d 56, 64, 268 N.E.2d 378.) Furthermore, the mere presence of conflicting evidence will not justify us in differing from the finding by the trier of fact in a situation such as presented by this record. (*People v. Reese*, 54 Ill.2d 51, 58, 294 N.E.2d 288.) Reliance by defendant upon cases such as *People v. Gardner*, 35 Ill.2d 564, 221 N.E.2d 232, does not assist him. *Gardner* contrasts with the case at bar because there the identification of defendant was weak and the alibi was not only unimpeached but was effectively supported by other and convincing evidence. We conclude that the proof is sufficient to demonstrate guilt beyond reasonable doubt as regards both offenses.

At the trial, a police officer testified that he had arrested defendant on June 2, 1970, some ten days after the incident. On direct examination the officer testified to a conversation with an agent for the tavern who stated that defendant had broken into a juke box in the tavern so that he should be arrested. Defendant now urges that this evidence tended to show him guilty of another and unrelated offense so that it was improper and prejudicial. But, this point was never raised or urged in the trial court. No objection was ever made to this testimony when offered. (See *People v. Linus*, 48 Ill.2d 349, 355, 270 N.E.2d 12; also *People v. Henderson*, 2 Ill.App.3d 401, 406, 276 N.E.2d 372 and additional authorities therein cited.) The point was not raised in defendant's written motion for a new trial. (See *People v. Nelson*, 41 Ill.2d 364, 366,

243 N.E.2d 225.) Under these circumstances, the issue was waived by defendant.

■■  In addition, in this situation, where the case is tried by the court without a jury, we are obliged to presume that "the judge considered only admissible evidence, and that all incompetent evidence" was disregarded in reaching his decision. (See *People v. Stewart*, 130 Ill.App.2d 623, 627, 264 N.E.2d 557, 559 citing *People v. Robinson*, 30 Ill.2d 437, 439, 197 N.E.2d 45.) Compare *People v. Rice*, 5 Ill.App.3d 18, 282 N.E. 2d 526 where the presumption was not applied because the evidence was presented and objected to and the objection was overruled and the evidence received.

The next contention of defendant concerns admissibility of the automatic pistol referred to above. The officer testified that upon obtaining this weapon he marked it by placing his initials thereon. These initials were apparent when the gun was produced at trial. The officer inventoried the weapon and it was taken to the crime laboratory. The laboratory receipt for the weapon showed its serial number as 1497877. However, cross-examination showed that the officer originally inventoried the gun under number 1437877. When this was shown, the officer testified that he made an error in his original inventory because of faulty eyesight. Predicated upon this background, defendant urges that admission of the gun in evidence was error.

■■■  The propriety of receiving demonstrative evidence rests primarily within the discretion of the trial judge. (*People v. Lawrence*, 126 Ill. App.2d 202, 208, 261 N.E.2d 459.) In the case at bar, the clear and convincing evidence of the officer, including his identification of the pistol by his mark, convinces us that the discretion of the trial court was properly exercised. Diligent counsel for defendant brought out the error in the inventory and this was all properly placed before the trier of fact. We agree with the conclusion reached by the trial court that the gun was properly received in evidence.

■■  As regards the sentences imposed upon defendant, both of them are within the range fixed by the legislature as well as being in accord with the requirements of the Illinois Unified Code of Corrections. It is true that defendant is a young man (born in April of 1949). His only criminal record was based upon an occurrence in 1967, as a result of which he was found guilty of theft and resisting an officer and was placed upon probation for one year. In contrast it should also be said that the crime in which he was involved in the case before us resulted from a brutal and apparently unprovoked assault upon two unarmed men. Under these circumstances, we do not believe that we should take it upon ourselves to reduce the sentence. Defendant had a fair and im-

partial trial before an able and experienced judge who was in a better position than this court to make a fair and sound determination of the punishment to be imposed. (See *People v. Taylor*, 33 Ill.2d 417, 424, 211 N.E.2d 673 and *People v. Fox*, 48 Ill.2d 239, 251, 252, 269 N.E.2d 720.) We find no error in this record,

Judgment affirmed.

EGAN, P. J., and HALLETT, J., concur.