In re ISAAC WILLIAMS, JR., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. ISAAC WILLIAMS, JR., Respondent-Appellant.)

(No. 58766;

First District (2nd Division)—November 26, 1974.

Paul Bradley and James A. Streicker, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from an order entered in a proceeding to adjudicate a wardship under the Juvenile Court Act.[1] A petition filed in accordance with the statute named appellant Isaac Williams, Jr., a respondent[2] and alleged in two counts that he, a minor, was a delinquent because he had committed rape and armed robbery. At an adjudicatory hearing, the court dismissed the count that charged armed robbery but found respondent delinquent under the count that charged the offense of rape.[3] It ordered him committed to the Department of Corrections until he attains the age of 21, or he is sooner discharged by order of the court. The issue presented is whether the evidence proved beyond a reasonable doubt that respondent was guilty of rape. The following are the facts from which this issue arises.

On December 23, 1972, the complaining witness, a woman who was then a State of Michigan resident, entered an elevator in a building at 4950 South State Street in Chicago on her way to visit a friend. She was followed by two youths she had never seen before. She pushed a button in order to stop on the 12th floor; but as the elevator went up, the youths stopped it and one of them pulled out a gun, saying to the woman, "this is a holdup." They took $25 in cash from her. One of them felt in her brassiere for more money. Then, one youth "unzipped my pants and * * * penetrated his penis within my vagina." This youth left the elevator and the other one "penetrated my vagina * * *." A

---

[1] Ill. Rev. Stat. 1971, ch. 37, par. 701—1 et seq.

Section 4—8(2) of the Act provides that "[i]f the court finds that the minor is a [delinquent] person * * * and that it is in the best interests of the minor and the public that he be made a ward of the court, the court shall note in its findings whether he is delinquent * * * and shall adjudge him a ward of the court * * *." Ill. Rev. Stat. 1971, ch. 37, par. 704—8(2).

[2] In the balance of this opinion, we will refer to appellant, Isaac Williams, Jr., as respondent, the term used in the proceedings below.

[3] This offense is defined and made punishable by section 11—1(a)(b)(c) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—1(a)(b)(c)). Section 2—2 of the Juvenile Court Act provides, in its pertinent part, that "[t]hose who are delinquent include * * * any boy who prior to his 17th birthday * * * has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance * * *." Ill. Rev. Stat. 1971, ch. 37, par. 702—2.

short time later, there was a struggle, during which the woman screamed and was able to jump from the elevator and escape. She was met by her friend who saw her and observed that she was disheveled, her blouse was wrinkled, the front parts of her pants were down, she was nervous and crying. At the hearing of the delinquency petition, the State called the victim of the alleged crimes, the friend and a policeman. The complaining woman was the only witness that identified respondent as one of the two youths who robbed her; and as the second who, against her will, had sexual intercourse with her. No medical evidence of rape was offered by the State.

. Respondent's defense was an alibi. He did not testify; but he called two witnesses. One, a friend, told the court that on the evening in question he met respondent at about 7:30; and the two of them, he said, were together until after 11:30 P.M. The other, respondent's sister, told the court that respondent and the friend came home together at about 7:30 and left at 7:45 P.M. They returned at about 11 P.M., at which time she sent respondent on an errand to a nearby store. The complaining witness, the woman friend and the police officer furnished all the evidence in support of the petition. Respondent contends this evidence, considered against the testimony of his alibi, did not prove him guilty beyond a reasonable doubt.

■■  It is a rule of our criminal law that the identification testimony of a single witness, even if it be that of a crime victim, is sufficient to convict if the identification is positive and the witness is credible. (*People v. Clarke*, 50 Ill.2d 104, 277 N.E.2d 866; *People v. Day*, 2 Ill.App.3d 811, 277 N.E.2d 745.) This is true although the testimony of that witness is contradicted by the defendant, or there are alibi witnesses testifying for him. (*People v. Solomon*, 24 Ill.2d 586, 182 N.E.2d 736; see *People v. Irons*, 20 Ill.App.3d 125, 312 N.E.2d 664; compare *People v. Williams*, 96 Ill.App.2d 64, 237 N.E.2d 750.) Contradiction of testimony affects the credibility of a witness, and when this occurs, the degree of his credibility and the weight to be given his testimony are matters for determination by the trier of the facts. (*People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182.) If identification of an accused is doubtful, vague and uncertain, his conviction will be reversed; however, if his guilt is established by an identification which proves, beyond a reasonable doubt, that he committed the offense charged, his conviction will be affirmed. *People v. McVet*, 7 Ill.App.3d 381, 287 N.E.2d 479.

■■  In this case the complaining witness testified that she was in an elevator for about 15 minutes with respondent and his accomplice. Her observations, as she recounted them, were made under the usual amount of illumination. She was positive and certain in her in-court identification

of respondent. The test of a positive in-court identification is not whether the witness gives a full description of the features and clothing of the identified person; it is whether the witness was close enough for a sufficient length of time under conditions adequate for observation, and thus had the opportunity to see, observe and later to be able to make the identification. (*People v. Canale*, 52 Ill.2d 107, 285 N.E.2d 133; *People v. Johnson*, 6 Ill.App.3d 1003, 286 N.E.2d 380.) Therefore, the fact that the complaining witness could not remember a scar on respondent's cheek or whether he had facial hair did not make her in-court identification of him insufficient. Precise accuracy in describing the facial characteristics of an accused is not necessary if the identification is positive. (*People v. Chambers*, 112 Ill.App.2d 347, 251 N.E.2d 362; *People v. Neeley*, 18 Ill.App.3d 287, 309 N.E.2d 725.) At best, these details affect the weight to be given the identification testimony. *People v. Tunstall*, 17 Ill.2d 160, 161 N.E.2d 300; *People v. Robinson*, 3 Ill.App.3d 843, 279 N.E.2d 526.

██ In *People v. Scott*, 4 Ill.App.3d 279, 280 N.E.2d 715, a rape victim was alone with the man she said was the defendant in a stopped elevator for one and a half hours. Later, to a police officer, she described her assailant as 5′ 10″, weighing 160 pounds, of medium build and ruddy complexion. To a man who testified for the defense, she described the same assailant as short, rather fat and shabbily dressed. Another woman who was raped in a nearby building, also in an elevator, and allegedly by the same man, described her assailant as 5′ 6″ or 5′ 11″, weighing between 160 and 165 pounds and having a dark complexion. Evidence of both rapes was admitted to show a common design or scheme by which the crimes were committed. On appeal from his conviction, it was argued that the State's identification evidence was vague, general, conflicting and unworthy of belief. We affirmed, holding that the evidence sufficiently proved defendant's identity as the rapist, despite the claimed generality of the descriptions given the police and their conflict with the description one victim gave to a defense witness. We noticed that there was partial corroboration of the complaining witness by another State witness. Here, the version of the occurrence given by the complaining woman was corroborated, in part, by the friend whose apartment she was going to visit. This witness described the condition of the complainant immediately after the assault. This evidence was probative of the issue whether the woman had been raped. See *People v. Marx*, 291 Ill. 40, 125 N.E. 719; *People v. Weaver*, 8 Ill.App.3d 299, 290 N.E.2d 691.

Respondent argues that even if the issue of identity is resolved against him, the finding of delinquency must be reversed because the State did not prove the complaining witness was raped. He points out that the

complaining witness said only that "he penetrated" her vagina, without specifying this was done by respondent with his penis; that the evidence does not show he was 14 years or older, a requirement for rape in this State; and that the evidence did not prove the complaining woman was not his wife. In our judgment, these arguments are specious.

■■■ "Penetration," as that word is used in connection with crimes against females, means "* * * the insertion of the male part into the female parts to however slight an extent." (Black's Law Dictionary 1291 (4th ed. 1951).) It can be proved by circumstantial evidence; and when there is some proof, it is a question of fact whether it occurred. (See *People v. Schultz,* 260 Ill. 35, 102 N.E. 1045.) Any penetration of the female sex organ by the male sex organ is sexual intercourse, which, under our law, is an element of rape. (*People v. Polk,* 10 Ill.App.3d 408, 294 N.E.2d 113; Ill. Rev. Stat. 1971, ch. 38, par. 11—1(a)(b).) Therefore, on the complaining witness' testimony that, by force and against her will, one youth put his penis in her vagina and later respondent "penetrated" her vagina, it was for the trial judge to find whether respondent did so with his penis. It is obvious that the trial judge so found. We agree with the finding.

■■■ As to respondent's age, the burden of proving he was below the minimum age was on him. (*Sutton v. People,* 145 Ill. 279, 34 N.E. 420; *People v. Musial,* 349 Ill. 516, 182 N.E. 608; *People v. Ventura,* 415 Ill. 587, 114 N.E.2d 710; *People v. Kutella,* 132 Ill.App.2d 248, 269 N.E.2d 111.) And with regard to the marital relation of the parties immediately involved, that is a matter provable indirectly or by the surrounding facts and circumstances. (See *State v. Seeb* (1949), 76 N.D. 473, 37 N.W.2d 341; *People v. Smith* (1968), 263 Cal.App.2d 631, 69 Cal. Rptr. 670.) The complaining woman was a resident of the State of Michigan. She was asked if she was "Miss" or "Mrs." and she replied, "Mrs." That answer carried an inference that she was not respondent's wife. And since no evidence in the record rebuts this inference, the fact that the complaining witness was not respondent's wife was adequately established.

■■ The State was required to prove beyond a reasonable doubt that respondent committed the acts of delinquency alleged in the petition. (*In re Urbasek,* 38 Ill.2d 535, 232 N.E.2d 716; *In re Winship* (1970), 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068.) Respondent argues that the State did not carry this burden because he introduced evidence of an alibi. This argument cannot prevail. It is well established that a trial judge, sitting as trier of the facts without a jury, is not obliged to believe the testimony of alibi witnesses over the positive identification of an accused, even though there be a greater number of witnesses in support of the alibi. (*People v. Jackson,* 54 Ill.2d 143, 295 N.E.2d 462; *People v.*

*Smith,* 17 Ill.App.3d 494, 308 N.E.2d 257; compare *People v. Davis,* 19 Ill.App.3d 709, 312 N.E.2d 360.) We conclude, therefore, that the trial court's finding that respondent was a delinquent because he committed the offense of rape was proved beyond a reasonable doubt. (*In re Forrest,* 12 Ill.App.3d 250, 298 N.E.2d 197.) The order is affirmed.

Affirmed.

STAMOS and DOWNING, JJ., concur.