THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD PANUS, Defendant-Appellant.

Third District No. 77-189

Opinion filed July 24, 1978.

STENGEL, J., dissenting.

Ronald L. Hamm, of Hamm, Hanna, & O'Brien, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Donald Panus, was charged by a two-count indictment with the offense of burglary in count I and theft in count II. Prior to the selection of the jury, the State dismissed the second count charging theft. Following a jury trial, Panus was convicted of burglary and sentenced to a term of imprisonment of not less than 5 nor more than 15 years. Defendant appeals from that conviction and raises four issues:

(1). Whether the trial court erred by limiting the cross-examination of prosecution witness Ronald Herring with regard to his involvement in other offenses;

(2). Whether the trial court erred in allowing into evidence a certain roto-tiller which allegedly was the fruit of the burglary without proper proof of its ownership or relevancy;

(3). Whether the State failed to prove defendant guilty beyond a reasonable doubt; and

(4). Whether the trial court erred in instructing the jury on the issue

of circumstantial evidence by giving Illinois Pattern Jury Instruction, Criminal, No. 3.02 (hereinafter IPI Criminal).

Briefly stated the facts of this case involved an alleged burglary which occurred between October 1, 1974, and April 13, 1975, at the residence of Ronald Garmer and in which a Sears roto tiller was reportedly taken.

The State called as witnesses Ronald Herring, Ronald Garmer the alleged burglary victim, Detective Michael McCoy, Deputy Sheriff Robert Cone and Robert Choate, Sr.

Ronald Herring testified regarding certain conversations that he had with the defendant and the defendant's son, which testimony was to the effect that the defendant admitted to Herring that he had committed the burglary, that the defendant's son told Herring that he and the defendant had committed the crime, and that the defendant's son had related that he had committed the crime alone.

Ronald Garmer testified regarding the finding of the roto tiller missing from the shed wherein it had been stored, but was unable to pinpoint the date. Ronald Garmer further testified to his ownership of the roto tiller by way of visual identification, but after refusal by the court to admit the roto tiller, he was recalled to further identify the roto tiller by means of documents containing serial numbers. This latter testimony was refuted when cross-examination established that the handwritten serial numbers on the documents were not on the documents when received or purchased, were not written on the documents by Ronald Garmer, were not on the documents when they were turned over to Detective McCoy, but were on the documents after being in Detective McCoy's possession.

Detective McCoy testified to receiving the roto tiller from Robert Choate, Sr., and to having taken statements from Ronald Herring.

Deputy Sheriff Robert Cone testified to being involved in the receiving of the roto tiller from Robert Choate, Sr.

Robert Choate, Sr., testified that during the month of February 1975, he purchased a roto tiller from the defendant for $50, which roto tiller was taken from his residence by Detective McCoy.

The only witness called by the defendant was Detective Charles Jones who testified to having taken statements from Ronald Herring and that during these statements, Herring did not mention the conversation that he had had with the defendant, wherein the defendant stated his involvement with the burglary.

The State initially contends that all issues raised on appeal were waived by defendant's failure to file a post-trial motion. (*People v. Hammond* (5th Dist. 1977), 48 Ill. App. 3d 707, 362 N.E.2d 1361.) We have examined the record in detail and have found an indication that defendant filed a post-trial motion. On January 27, 1977, an order was entered, which order was on a preprinted form with language written in by hand indicating

that the post-trial motion of the defendant was denied and that a sentencing hearing was held. No copy of a written post-trial motion appears in the record, and no transcript of an oral post-trial motion or the arguments on such a motion were included in the record on appeal. From this evidence we can only conclude that defendant's post-trial motion was an oral one.

■■ Section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 116—1) states that a post-trial motion for a new trial *should* be in writing. It is not a waiver of the alleged errors that occurred if the motion is oral so long as the State does not object to the motion being an oral one, and moves for the court to require the post-trial motion to be reduced to writing. No objection by the State to defendant's post-trial motion being oral appears of record. Where the defendant makes a non-specific oral motion for a new trial which is not objected to by the State, he can raise any errors which might appear in the record even though not specified in the oral motion for a new trial. (*People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256.) We believe the defendant has preserved the issues he now raises on this appeal.

■■ The defendant's first argument is that he was prejudiced because the trial court would not permit him to elicit from witness Herring that he, Herring, had made statements regarding his own role in other offenses. Defendant sought to impress the jury with Herring's reason for testifying. The cases of *People v. Galloway* (1974), 59 Ill. 2d 158, 319 N.E.2d 498, and *People v. Rogers* (3d Dist. 1975), 42 Ill. App. 3d 499, 356 N.E.2d 413, cited by defendant in support of his argument, are distinguishable. Those cases dealt with other more serious allegations of error which required reversal of those cases. The extent and scope of cross-examination rests within the sound discretion of the trial court. (*People v. Blakes* (1976), 63 Ill. 2d 354, 348 N.E.2d 170.) We find no abuse of that discretion in the instant case. Witness Herring was asked if he had been charged with an offense and he admitted he had. When Herring was asked if any promises had been made to him in exchange for his testimony he answered negatively. Officer McCoy further testified that he had simply told Herring that he would be unable to do more than telling the State's Attorney or the court that Herring had been cooperative. For these reasons we do not believe the trial court abused its discretion in limiting defendant's cross-examination of witness Herring.

The second issue raised by defendant is determinative of this appeal. The defendant argues that the trial court erred in allowing into evidence the fruit of the burglary for which defendant was charged, upon inadequate proof of ownership of the machine. The owner of the burglarized shed, Ronald Garmer, testified on direct examination that he could identify the Sears roto tiller as the one belonging to him by the

burned paint on the muffler and the fact that the depth setting on the machine was the same as the last time he used it. He attempted to further identify the machine by comparing several numbers on documents received at the time of purchase with the serial numbers on the machine itself. However, on cross-examination and examination by the court, Garmer admitted that he had not received any serial numbers at purchase nor placed any numbers on the documents at the time he delivered them to Detective McCoy. He also testified that he believed the serial numbers were placed on the documents by Detective McCoy.

It was incumbent upon the State to prove, along with the other elements of the crime of burglary, that the Sears roto tiller belonged to the owner of the burglarized shed, Ronald Garmer. The State contends that Garmer adequately identified the roto tiller as his by the two characteristics of the portion of the muffler where the paint had burned off and the fact that the depth setting was the same when he last used it. There was no direct eyewitness evidence of the burglary. The only direct evidence of the burglary, except for defendant's alleged admission of it to Ronald Herring, which will be discussed at length later in this opinion, was a Sears roto tiller. Without adequate proof of ownership of the roto tiller the State failed to prove the corpus delicti of the crime charged.

It is a fair observation from an examination of the evidence contained in the record that Mr. Garmer did not place, nor did Sears, the serial number of the machine on the documents he received at purchase and that the serial numbers were not there when he delivered those documents to Detective McCoy. The admissibility of the roto tiller must rise or fall upon Garmer's ability to identify it as his from its general appearance and any peculiar characteristics. It is argued that a proper foundation was laid for the admission of the machine into evidence by a chain of continuous possession between the alleged owner, its theft by defendant, and defendant's subsequent sale to Mr. Robert Choate who delivered it to the police. The error of such an argument is that it presumes identification and ownership by Garmer can be and has been established in the first place. The State has cited several cases for the proposition that demonstrative evidence, such as the roto tiller, may be admissible despite the lack of any distinguishing features because the issue of identification was then one of the weight of the evidence and not its admissibility. (*People v. Fair* (1st Dist. 1977), 45 Ill. App. 3d 301, 359 N.E.2d 848; *People v. Sansone* (2d Dist. 1976), 42 Ill. App. 3d 512, 356 N.E.2d 101.) To the contrary we believe those cases are inapplicable. In the *Fair* case the court considered the admissibility of a coat taken from the victim's apartment in a rape case. The coat linked the alleged assailant to the crime, but was not a necessary element of proof of the crime for which the State had the burden of proof, as in the instant case. The

*Sansone* case involved a chain of possession and custody question of the fruits of a theft. However, it did not raise any issue as to the properly laid foundation for the original owner's identification of the stolen property based upon its peculiar characteristics.

■■ The trial court relied upon a rule of law set out in Rule 214 of the Gard's Illinois Evidence Manual (S. Gard, Illinois Evidence Manual, Rule 214 (5th ed. 1963)). That rule of law provides for allowing testimony in the form of opinion by a nonexpert witness as long as he is qualified by an opportunity for observation to identify something, in this case, by its appearance or any other characteristic peculiar to the subject of the identification. The trial court erred in ruling that the Sears roto tiller was properly identified as the one belonging to Ronald Garmer and which was allegedly burglarized from his shed based upon paint burned off the muffler and the depth setting of the tiller being the same as was set by Garmer on his machine during its use in the prior year. We do not view these two characteristics as peculiar. It is well known that the muffler of such a machine is one of its hottest parts and it would be a rare machine of this type that had been used for even a short length of time that would not also have paint burned off the muffler. The machine also had several depth settings and the likelihood of one particular depth setting being sufficiently peculiar to allow Garmer to identify the machine in question as the one he owned is far too remote for the quality of proof necessary in a criminal prosecution. Additionally, the record also indicates, through defense counsel's unrefuted assertion and the testimony of Richard Choate, Sr., that a pin was missing from the roto tiller which mechanically would allow the height adjustment to ride wherever it happens to be by happenstance. For the reasons stated we believe the trial court committed reversible error, which clearly prejudiced defendant's case, in admitting the Sears roto tiller into evidence.

Because the case must be reversed and remanded for a new trial we will also briefly discuss the final issue presented for review. Defendant complains that the trial court also erred in instructing the jury on circumstantial evidence, specifically by using Illinois Pattern Jury Instructions—Criminal No. 3.02. During the conference on jury instructions, both the state and the defendant submitted an instruction defining circumstantial evidence. The defendant offered IPI Criminal No. 3.02 in its entirety. The State offered and the court gave that part of IPI Criminal No. 3.02 which states:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The above portion of the pattern instruction should properly be given by itself only when there is both circumstantial and direct evidence. The defendant argues that there was no direct evidence in the case and consequently IPI Criminal No. 3.02 should have been given in its entirety.

We have decided above that the Sears roto tiller should not have been admitted into evidence and we will not therefore consider it in determining whether the evidence was entirely circumstantial. The State argues that there was direct evidence of the burglary in the form of the testimony of witness Ronald Herring as to certain conversations with both the defendant and defendant's son in which the defendant told Herring that he had committed the burglary. Under authority of *People v. Guido* (1926), 321 Ill. 397, 152 N.E.2d 149, the entire instruction, as offered by defendant, with the optional paragraph added should not be given unless all the evidence was circumstantial.

■■ Testimony of an admission of a defendant has been held to be direct evidence which will justify the giving of the first part of IPI Criminal No. 3.02 on circumstantial evidence only. (*People v. Brown* (1974), 56 Ill. 2d 312, 307 N.E.2d 356, *rev'd and remanded on other grounds* (1975), 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254). In several recent cases this same holding has been applied to factual circumstances identical to the case before us. (*People v. Godsey* (3d Dist. 1978), 57 Ill. App. 3d 364, 373 N.E.2d 95; *People v. King* (4th Dist. 1978), 58 Ill. App. 3d 199, 373 N.E.2d 1045; *People v. Fletcher* (3d Dist. 1976), 40 Ill. App. 3d 537, 352 N.E.2d 10.) We adhere to the reasoning expressed in those cases and conclude that the trial court did not err in giving only the first paragraph of IPI Criminal No. 3.02 as was offered by the State.

Judgment of the Circuit Court of Peoria County is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

Judgment reversed and remanded.

SCOTT, J., concurs.

Mr. JUSTICE STENGEL, dissenting:

I cannot agree that a new trial is required for, in my judgment, defendant's guilt is clearly established. I do not believe the trial court committed reversible error admitting the Sears roto tiller into evidence.

The victim of the alleged burglary identified People's Exhibit No. 1 as his roto tiller by the paint burned off the muffler, the depth setting and the serial number. The serial numbers were disputed, but on re-cross-examination the owner stated he owned the machine for over a year before it was taken and that he should know his own machine.

The majority opinion's emphasis on disputed serial numbers is misplaced. Many years ago our supreme court in *People v. Miller* (1930), 342 Ill. 244, 174 N.E. 414, considered the issue of identification of stolen tires. The defendant contended that the only satisfactory identification of the stolen tire could have been made by producing its serial number from a sales slip or memorandum book, but the court said:

> "So far as the contention as to necessity of identification by serial number is concerned, recognition cannot be accorded to a rule purporting to lay down any such a requirement as plaintiff in error suggests. It is the province of the jury to determine the credibility of the witnesses testifying in the case and to determine whether a fact alleged or crime charged has been proven. (*People v. Delorenzo*, 300 Ill. 124.) Where the evidence is conflicting this court will not substitute its judgment for that of the jury. There was sufficient evidence in this case to convict, and it cannot be said that the verdict is palpably contrary to the weight of the evidence or that the evidence is so unreasonable, improbable or unsatisfactory as to justify a reversal of the judgment on that ground. (*People v. Herbert*, 340 Ill. 320; *Barron v. People*, 73 id 256; I Wigmore on Evidence—2d ed.—par. 276.) It may be said, moreover, that on the evidence here disclosed the jury could not reasonably have brought in any other verdict than guilty." 342 Ill. 244, 250.

The propriety of receiving demonstrative evidence rests primarily within the discretion of the trial judge. *People v. Smith* (1st Dist. 1974), 17 Ill. App. 3d 494, 308 N.E.2d 257; *People v. Lawrence* (1st Dist. 1970), 126 Ill. App. 2d 202, 261 N.E.2d 459.

I believe my colleagues have properly held that the defendant's alleged admission of the burglary to Ronald Herring was direct evidence, and that IPI Criminal No. 3.02 was properly given in limited form. However, the statement of the majority that the State failed to prove the *corpus delicti* of the crime charged requires refutation. They seem to be proceeding on the assumption that the *corpus delicti* must be established beyond a reasonable doubt, independent of any admissions by the accused.

> "A complete and controlling answer to the contention is found in *People v. Brown*, 379 Ill. 262, where this court stated: 'The true rule is that although a mere naked uncorroborated confession is insufficient to convict, the *corpus delicti* is not required to be proved beyond a reasonable doubt by evidence *aliunde* the confession or admissions of the accused. It is not essential that the *corpus delicti* shall be established by evidence other than that which tends to connect the accused with the crime. The same evidence may be used to prove both the existence of the crime and

the guilt of the defendant. The test is whether the whole evidence proves the fact a crime was committed and that the accused committed it.' " *People v. Franklin* (1953), 415 Ill. 514, 519, 114 N.E.2d 661.

In the present case the admission of defendant was amply corroborated by other circumstances in evidence, and I believe established the *corpus delicti* beyond any reasonable doubt.

The question whether defendant, under the evidence, was guilty or innocent was a question of fact for the jury. They were the judges of the weight to be given to the testimony. (*People v. Harrison* (1925), 318 Ill. 316, 149 N.E. 236.) A reviewing court should not substitute its judgment for that of the jury where no prejudicial error has been committed and the verdict does not appear to be the result of passion or prejudice. *People v. Lewis* (1924), 313 Ill. 312, 145 N.E. 149.

In my opinion, the evidence in this case, when considered as a whole, establishes the guilt of defendant beyond a reasonable doubt, and the jury as trier of facts was fully justified in not believing the defendant and in finding him guilty of burglary.