THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY SANCHEZ, Defendant-Appellant.

Third District   No. 78-159

Opinion filed July 11, 1979.

608

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

William Henderson, State's Attorney, of Macomb (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a jury trial in the circuit court of McDonough County, defendant, Jerry Sanchez, was found guilty of arson. He was sentenced to four years probation and ordered to pay a $500 fine.

On this appeal defendant contends the trial court erred first in limiting redirect questioning of a defense witness and second in failing to give the second paragraph of the Illinois Pattern Jury Instruction on circumstantial evidence. (IPI Criminal No. 3.02 (1968).) We affirm.

Glenadine Simmons, a witness for the prosecution, testified she owned a house in Prairie City and that it had been rented to the defendant, Jerry Sanchez, and his wife. On February 12, 1977, the Sanchezes moved out of the Simmons house. Later that evening the house

was damaged by fire which originated in an upstairs closet, damaging the closet and room.

Simmons indicated she had trouble with the defendant before he left the premises. His rent check had bounced and he had refused to leave the premises because his wife was pregnant. Simmons had commenced legal proceedings to secure possession of the premises. She also indicated that defendant had complained to her about broken water pipes.

A State arson investigator examined the premises on February 16, 1977. He concluded the fire in the Simmons house was man made and offered his reasons for such conclusion.

Two other witnesses testified for the prosecution. Tammy Buffalo testified that she was at the scene of the fire while it was going on and at the time saw the defendant also watching the fire. According to Buffalo, defendant said that the fire department had come too soon. Kenneth Knott, a friend of defendant, testified that later that night while in the defendant's house the defendant had told him he had set the fire. During cross-examination Knott admitted that he had not reported the conversation until he was later charged with an unrelated offense.

Both Jerry Sanchez, the defendant, and his wife testified they had moved from the Simmons house before noon on February 12, 1977. They moved to a nearby trailer with the assistance of friends. According to the testimony of each, they remained in the trailer the rest of the day and did not return to the Simmons house until after the fire sirens had sounded and only to watch the fire. According to Pam Sanchez, the pipes in the house had frozen about two weeks after they moved into the house and although she complained to the landlord, nothing had been done. The defendant denied setting the fire and denied making any of the remarks testified to by Knott and Buffalo.

The defendant first argues the trial court erred in refusing to permit redirect examination of a witness concerning matters within the scope of cross-examination when such redirect testimony might have removed an unfavorable impression left by the cross-examination.

During her direct testimony, Pam Sanchez indicated the Simmons house was not in very good condition when they moved in. Ceiling tiles in the living room were loose and shortly after they moved in the pipes froze. About two weeks before they moved out the front porch fell. According to Pam Sanchez, she complained to Simmons, but nothing was done about the conditions. On cross-examination she was asked whether at the time they left, rent was overdue. Pam Sanchez admitted they were behind in their rent, but did not know the amount.

After the cross-examination was completed, defense counsel sought to question Pam Sanchez about the state of the plumbing when she left. Objections to this line of questioning were interposed because not within

the scope of cross examination and the objections were sustained by the trial court. Defendant claims the ruling of the court constitutes reversible error.

■■ The general rule is that the scope of redirect examination is limited to the scope of cross-examination and the allowance of any redirect examination beyond the scope of cross-examination is within the court's discretion. (*People v. Garner* (1968), 91 Ill. App. 2d 7, 234 N.E.2d 39.) On redirect examination a witness may be asked questions designed to remove unfavorable inferences or impressions raised by the cross-examination. (*Department of Public Works & Buildings v. Exchange National Bank* (1976), 40 Ill. App. 3d 623, 356 N.E.2d 376.) It is this latter rule which defendant insists supports his claim the court erred in limiting his redirect examination.

■■ Defendant suggests the cross-examination about the unpaid rent was designed to unfavorably reflect on the character of the witness. It would be sufficient to say that this was not the reason advanced by defense counsel in support of his questions at the time the objections were made. According to the record, defense counsel thought the questions were proper because the state's attorney had inquired of the witness about the condition of the house. This was not the case, and we believe the court properly sustained the objection to the redirect examination. The record on appeal confirms the basis of the objection mainly was that the condition of the property had not been inquired into on cross examination. The defendant has abandoned the reason given in the trial court for the redirect examination and now suggests the questions were proper for some other reason, namely, to remove an unfavorable impression left by the cross-examination. We fail to see how the court's ruling can be regarded as error under the circumstances. The poor condition of the premises, the defendant's complaint about the conditions, and the defendant's failure to pay rent were facts already in the record at length. There is no suggestion the defendant's witness would testify to anything other than what she had previously testified about or that eliciting the fact of nonpayment of rent was anything new. Accordingly, we find no error in the court's ruling limiting the redirect examination of a defense witness.

Finally, the defendant argues the court erred in not giving the full IPI instruction on circumstantial evidence. (IPI Criminal No. 3.02 (1968).) At the conference on instructions, the defendant tendered the full instruction, but the court declined to give the instruction as tendered. According to the court, there was some direct evidence of guilt and therefore the reasons for giving the second paragraph of the instruction did not exist.

■■ The questions of what is or is not direct evidence and the

alternative of what is or is not circumstantial evidence, as well as the rationale supporting IPI Criminal No. 3.02 (1968), have been the source of some controversy and lack of unanimity. (See *People v. Panus* (1978), 62 Ill. App. 3d 177, 379 N.E.2d 319; *People v. Godsey* (1978), 57 Ill. App. 3d 364, 373 N.E.2d 95, *rev'd on other grounds* (1978), 74 Ill. 2d 64, 383 N.E.2d 988; *People v. Fletcher* (1976), 40 Ill. App. 3d 537, 352 N.E.2d 10.) From the foregoing cases it may be concluded that admissions tending to prove guilt are considered direct evidence without regard to the circumstances surrounding the making of the admissions. Furthermore, it may also be concluded that if there is any direct evidence tending to prove the defendant's guilt, such as his admissions, the second paragraph of the IPI instruction should not be given. Since Knott testified to an admission by defendant that he, the defendant, had set the fire, the foregoing rules were applicable and the court properly declined to give the second paragraph of the instruction. While I have contrary views on the notions of direct and circumstantial evidence, they have been expressed in other opinions, and the facts in this case do not suggest any reasons for departing from prior holdings.

For the foregoing reasons the judgment of the circuit court of McDonough County is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.